UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DIANE DAVIS, Individually and as Mother and Natural Guardian of DASHAWN SMITH, an infant under the age of eighteen years,

**COMPLAINT**

Plaintiff,

06 Civ. 13647 (SHS)

-against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK and P.O.s JOHN and JANE DOE #1-20, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

----------------------------------------------------------------X

Plaintiff DIANE DAVIS, individually and as mother and natural guardian of DASHAWN SMITH, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law tort claims.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DIANE DAVIS is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff DASHAWN SMITH is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Plaintiff DASHAWN SMITH is plaintiff DIANE DAVIS' son.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-20 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### **FACTS**

15. On or about September 16, 2005, at approximately 5:00 p.m., plaintiff DIANE DAVIS was lawfully present in the premises known as 65 E. 112th Street, Apartment 7K, in the County, City and State of New York.

16. At aforesaid time and place, defendant police officers broke down the door of plaintiff DIANE DAVIS' apartment.

17. Defendant police officers then aggressively entered the apartment, terrorizing plaintiff DIANE DAVIS.

18. Defendant police officers ordered plaintiff DIANE DAVIS to lie on the floor, where she was handcuffed.

19. Defendants searched and ransacked plaintiff DIANE DAVIS' apartment.

20. While defendants were ransacking the apartment, plaintiff DASHAWN SMITH came home.

21. Defendant police officers handcuffed plaintiff DASHAWN SMITH and ordered him to lie on the floor.

22. Defendant police officers remained in the apartment for approximately two hours.

23. As a result of the foregoing, plaintiffs DIANE DAVIS and DASHAWN SMITH sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiffs DIANE DAVIS and DASHAWN SMITH was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiffs' liberty was restricted, they were put in fear for their safety, and they were humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants caused legal process to be issued to enter 65 E. 112th Street, Apartment 7K, and to place plaintiffs DIANE DAVIS and DASHAWN SMITH under arrest.

37. Defendants entered 65 E. 112th Street, Apartment 7K, and arrested plaintiffs DIANE DAVIS and DASHAWN SMITH in order to obtain a collateral objective outside the legitimate ends of the legal process.

38.     Defendants acted with intent to do harm to plaintiffs DIANE DAVIS and DASHAWN SMITH, without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants P.O.s JOHN and JANE DOE #1-20 arrested plaintiffs DIANE DAVIS and DASHAWN SMITH and violated their privacy in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants.

44.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated instances of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Edwin Lopera, et al. v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6441;

- **Ramon Sanchez, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1732;

- **Jose Mateo, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1733;

- **Regina Kitching, et al. v. City of New York**, United States District Court, Eastern District of New York, 06 CV 0364;

- **Tracie Bonneau v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5207.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs DIANE DAVIS and DASHAWN SMITH.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs DIANE DAVIS and DASHAWN SMITH as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs DIANE DAVIS and DASHAWN SMITH as alleged herein.

48. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs DIANE DAVIS and DASHAWN SMITH were falsely arrested and their home and possessions were unlawfully searched.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DIANE DAVIS and DASHAWN SMITH.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

51. The acts complained of deprived plaintiffs DIANE DAVIS and DASHAWN SMITH of their rights:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    To be free from unlawful search;

        D.    To be free from malicious abuse of process;

        E.    Not to have summary punishment imposed upon her; and

        F.    To receive equal protection under the law.

52. As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. On or about October 21, 2005, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of

Claim on her own behalf setting forth all facts and information required under the General Municipal Law § 50-e.

55. On or about November 30, 2005, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim on her son's behalf setting forth all facts and information required under the General Municipal Law § 50-e.

56. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims as aforesaid.

57. The City of New York failed to schedule hearings pursuant to General Municipal Law § 50-h and such hearings are accordingly deemed waived.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

60. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendant police officers arrested plaintiffs DIANE DAVIS and DASHAWN SMITH in the absence of probable cause and without a warrant.

63. As a result of the aforesaid conduct by defendants, plaintiffs DIANE DAVIS and DASHAWN SMITH were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined by the defendants.

64. The aforesaid actions by the defendants constituted a deprivation of plaintiffs' rights.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. As a result of the foregoing, plaintiffs DIANE DAVIS and DASHAWN SMITH were falsely imprisoned, their liberty was restricted, they were put in fear for their safety, and they were humiliated.

67. Plaintiffs DIANE DAVIS and DASHAWN SMITH were conscious of said confinement and did not consent to same.

68. The confinement of plaintiffs DIANE DAVIS and DASHAWN SMITH was without probable cause and was not otherwise privileged.

69. As a result of the aforementioned conduct, plaintiffs DIANE DAVIS and DASHAWN SMITH have suffered mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants' aforementioned actions placed plaintiffs DIANE DAVIS and DASHAWN SMITH in apprehension of imminent harmful and offensive bodily contact.

72. As a result of defendants' conduct, plaintiffs DIANE DAVIS and DASHAWN SMITH have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

75. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

76. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

77. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs DIANE DAVIS and DASHAWN SMITH.

78. As a result of the aforementioned conduct, plaintiffs DIANE DAVIS and DASHAWN SMITH suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### UNLAWFUL SEARCH

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

81. As a result of this unlawful search, plaintiffs' right to privacy was violated and they sustained emotional injuries.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

82. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant police officers caused legal process to be issued to enter 65 E. 112th Street, Apartment 7K, and to place plaintiffs DIANE DAVIS and DASHAWN SMITH under arrest.

84. Defendant police officers entered 65 E. 112th Street, Apartment 7K, and arrested plaintiffs DIANE DAVIS and DASHAWN SMITH in order to obtain a collateral objective outside the legitimate ends of the legal process.

85. Defendant police officers acted with intent to do harm to plaintiffs DIANE DAVIS and DASHAWN SMITH, without excuse or justification.

86. As a result of the aforementioned conduct, plaintiffs DIANE DAVIS and DASHAWN SMITH suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DIANE DAVIS and DASHAWN SMITH.

89. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O.s JOHN and JANE DOE #1-20 to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs DIANE DAVIS and DASHAWN SMITH.

92. As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, each plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         November 27, 2006

_____/s_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355